BELSOME, J.,
dissents with reasons.
| T Although several arguments have been submitted to this Court, the sole issue is whether the trial court abused its discretion in granting a preliminary approval of a class action for settlement purposes only.[1] Prior to the Supreme Court’s remand of this matter, I dissented from the majority’s writ disposition reversing the trial court’s approval of the preliminary class settlement. I was, and still am, of the opinion that the writ is premature. Therefore, I respectfully dissent.
As stated in my previous dissent, there are two avenues which may be utilized by a trial court with regard to class actions: certifying a class for litigation purposes, as *107 this Court considered in Leo Pollard,[2] and certifying a class for settlement purposes only, which is the procedural posture of the instant writ.
12Generally, class action settlements are favored, in part because the “settlement ‘affordfs] members of plaintiffs’ classes with certainty in their recovery, while simultaneously providing class action defendants with the benefits of res judicata extended across an entire class of potential claimants.’” Orrill v. AIG, Inc., 09-888 (La.App. 4 Cir. 4/21/10), 38 So.3d 457, 468 (Belsome, J., dissenting) (citing Long and Winding Road for Spitzfaden, Louisiana’s Breast Implant Class Action: Ad Astra per Aspera, 74 Tul. L.Rev.1941 (2000)). Accordingly, pursuant to Article 591(B)(4), an action may be maintained as a class action for settlement purposes in Louisiana if all of the prerequisites of Paragraph A of Article 591 are met[3] and “[t]he parties to a settlement request certification under Subparagraph B(3) for purposes of settlement [only], even though the requirements of Subparagraph B(3) [4] might not otherwise be met.” La.Code Civ. Proc. art. 591(B)(4)(emphasis added).
| SF or purposes of preliminary approval of the class action settlement and certifying the class action for settlement only, the trial court acted within its discretion and satisfied the procedural requirements necessary for the preliminary stage of the settlement. In class action settlements, “the court conducts a preliminary approval or pre-notification hearing to determine whether the proposed settlement is ‘within the range of possible approval’ or, in other words, whether there is ‘probable cause’ to *108 notify the class of the proposed settlement.” Horton v. Merrill Lynch, Pierce Fenner & Smith, Inc., 855 F.Supp. 825, 827 (E.D.N.C.1994)(citing Armstrong v. Board of School Directors, 616 F.2d 305, 314 (7th Cir.1980); In Re Mid-Atlantic Toyota Antitrust Litigation, 564 F.Supp. 1379, 1384 (D.Md.1983)).[5] The trial court conducted such a hearing in this case, and issued an order articulating its specific and “detailed factual findings” with respect to the settlement class’ satisfaction of the factors necessary for certification listed in Louisiana Code of Civil Procedure Articles 591(A), 591(B)(1)(b), and 591(B)(4), thereby determining that preliminary approval of an Article 591(B)(3) settlement class was warranted. See Pollard v. Alpha Technical, 2010-1762 (La.11/5/10), 46 So.3d 1252 (per curiam).
After preliminary settlement approval is granted and notice is issued to the class, the trial court conducts a fairness hearing, at which all interested parties are afforded an opportunity to be heard on the proposed settlement. Horton, 855 F.Supp. at 827. Interested parties may include not only those within the proposed settlement class definition but also those parties included in the originally pled |4litigation. “The ultimate purpose of the fairness hearing is to determine if the proposed settlement is ‘fair, reasonable, and adequate.’ ” Id. (citing Armstrong, 616 F.2d at 314; In Re Ames Department Stores, Inc. Debenture Litigation, 150 F.R.D. 46, 53 (S.D.N.Y.1993); Chatelain v. Prudential-Bache Securities, Inc., 805 F.Supp. 209, 212 (S.D.N.Y.1992)).
As required, the trial court granted preliminary approval of a class for settlement purposes only, providing for notice and opt-out rights for class members. Although this writer would have drafted notice language and conducted conferences and hearings differently, any concerns by any objectors to the proposed settlement may be timely addressed at a Final Fairness Hearing. The trial court had scheduled a Final Fairness Hearing for November 3, 2010, but due to the filing of this writ, that hearing was not conducted.
At this stage of the settlement process, the record does not demonstrate an abuse of discretion on the part of the trial court. Additionally, the trial court may properly consider whether the class settlement is fair, reasonable and adequate at the Final Fairness Hearing. Ultimately, any objectors to the class settlement are provided appellate relief pursuant to La. Civ.Code art. 592. Until that time, the writ is premature and should be denied.

. "In general, a district court’s approval of a proposed settlement may not be overturned on appeal absent an abuse of discretion.” Orrill v. AIG, Inc., 09-888 (La.App. 4 Cir. 4/21/10), 38 So.3d 457 (citing Reed v. General Motors Corp., 703 F.2d 170, 172 (C.A.Tex. 1983))

. Leo Pollard, et al v. Alpha Technical, et al, 2008-1486 (La.App. 4 Cir. 1/28/10), 31 So.3d 576.

. Paragraph A of La.Code Civ. Proc. art. 591 provides as follows:
A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that joinder of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.

. La.Code Civ. Proc. art. 591(B)(3) provides as follows:
B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
[[Image here]]
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
(d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(0 The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation....

. In the context of Federal Rule 23, the U.S. Supreme Court recognized a district court's responsibility when faced with a settlement-only class certification in Amchem Products, Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997):
Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), the proposal is that there be no trial. But other specifications of the Rule — those designed to protect absentees by blocking unwarranted or overbroad class definitions-demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.